PER CURIAM.
This appeal is by the property owner in a condemnation proceeding.
The crucial question is whether the trial court committed reversible error by denying the appellant’s motion for new trial. The principal ground of the motion for new trial was newly discovered evidence tending to show that the testimony of the State’s appraisers relative to the inclusion of architect’s fees in the estimate of reproduction, costs was erroneous, if not false.
The factual basis from which this question arose evolved out of a contractor’s estimate of the reproduction costs of improvements located on the appellant’s land. One of the State’s appraisers used an estimate furnished by a local contractor. On cross-examination this appraiser stated that the estimate included “architectural fees and the whole works”. The State’s other appraiser, although having the benefit of the same contractor’s estimate, made his own independent estimate. When cross-examined regarding architect’s fees, this other appraiser indicated he believed the contractor’s estimate included such fees. Appellant’s witnesses included architect’s fees' as a separate item in their estimate of reproduction cost.
The State’s two appraisers estimated reproduction costs, damages, etc., ranging from $125,288 to $127,288. Appellant’s evidence placed just compensation at $150,-288. The jury returned a verdict for appellant in the sum of $130,288.
The appellant contends it has been denied just compensation for its property by the. trial court’s refusal to grant a new trial where the testimony of the State’s appraisers .misled the jury as to the fact of the inclusion of architect’s fees in the contractor’s estimate of reproduction costs of improvements. This contention we conclude is without merit.
The premise upon which appellant’s contention rests is that the erroneous or false testimony of the State’s appraisers resulted in the jury rendering a verdict for less than-it would have otherwise. This of course is pure conjecture. The fact that the jury’s verdict was within the range of the evidence certainly does not support appellant’s contention. Obviously the jury did not rely wholly upon the State’s appraisers because its verdict exceeded the State’s lowest estimate by $5,000 and its highest by $3,000. The appellant’s appraisers allowed architect’s fees as a separate item of reproduction cost and specific testimony relating to the usual and reasonable percentage fee charged by architect is contained in the record.
Assuming that appellant’s contention is correct, we have been unable to find any basis in this record, and none has been called to our attention, upon which we could conclude that another jury viewing the evidence would return a different verdict. If the jury was misled it has not been demonstrated by the record here.
*360 ,- 'The' briefs, oral argument and record have been carefully considered. We concluded that appellant was accorded a fair trial, received just compensation at the hands of a jury and justice does not demand or require a new trial.
Affirmed.